UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROSE CARTER, as Administrator
of the Estate of Salladin Barton,

        Petitioner,

    -v-                    9:16-CV-422

RONALD R. BENJAMIN,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

# ORDER TO SHOW CAUSE

The underlying action is a civil rights case that arises out of the death of Salladin Barton. Mr. Barton died at the Broome County Jail in January of 2015. Shortly after his death, Rose Carter ("petitioner"), as the administrator of Mr. Barton's estate, retained attorney Ronald Benjamin ("respondent").

But after ten months or so, petitioner discharged respondent and retained attorney Elmer Keach ("petitioner's counsel") instead. Respondent asserted a charging lien under New York Judiciary Law § 475 and handed over the file to petitioner's counsel. Thereafter, petitioner's counsel settled the underlying action for $170,000. The civil case was dismissed on March 19, 2020.

On February 19, 2023, petitioner's counsel filed a petition in the Broome County Surrogate's Court seeking to approve the settlement and distribute its proceeds. As relevant here, petitioner's counsel had been unable to resolve respondent's charging lien prior to filing this surrogate's court petition.

The Surrogate held a hearing at which petitioner's counsel *and* respondent appeared and were heard on the issue of the outstanding lien. At that time, the Surrogate advised respondent that he had thirty days in which to file an appropriate petition under the Judiciary Law or the claims arising from his lien would be waived. Respondent did not timely file an appropriate petition.

Several months later, the parties returned to the Surrogate, which again advised respondent to file the appropriate petition. Respondent still has not done so. According to petitioner's counsel, the defendants in the underlying action have refused to pay the amount awarded to petitioner's counsel as attorneys' fees because of respondent's dormant charging lien.

On May 21, 2024, petitioner's counsel returned to this Court seeking the issuance of an Order to Show Cause that would either disallow respondent's charging lien entirely or, alternatively, would set a hearing to fix the amount of the charging lien.

Upon review of petitioner's counsel's submissions in light of the governing law, it is

ORDERED that

1. Respondent Ronald R. Benjamin must SHOW CAUSE, in writing, on or before <u>Friday, June 14, 2024</u>, why petitioner's counsel's request to disallow respondent's attorney lien in the underlying action should not be granted;

2. Respondent must file any responsive submission to this Show-Cause Order using the Court's CM/ECF system in Civil Action No. 9:16-CV-422;

3. If respondent fails to respond in accordance with this Show-Cause Order, petitioner's counsel's request to disallow the lien will be granted;

4. If respondent responds in accordance with this Show-Cause Order, petitioner may file a reply in this action within TEN DAYS of that date;

5. Upon the filing of petitioner's reply, if any, the Court will determine the nature of any further proceedings that might be warranted;

6. Petitioner's counsel shall SERVE a copy of this Show-Cause Order, as well as the petition and attachments at Dkt. No. 130, upon respondent Ronald R. Benjamin by certified mail and by e-mail on or before <u>Friday, May 31, 2024</u>; and

7. Petitioner shall FILE proof of this service using the Court's electronic docket system in this action on or before Tuesday, June 4, 2024.

IT IS SO ORDERED.

Dated: May 28, 2024
      Utica, New York.

David N. Hurd
U.S. District Judge