UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROSE CARTER, as Administrator
of the Estate of Salladin Barton,

Petitioner,

-v-                                    9:16-CV-422

RONALD R. BENJAMIN,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge


## DECISION & ORDER

   This is a civil rights action that was settled in February of 2020.  Dkt. No.

129.  Briefly stated, the litigation arises out of the untimely death of a man

named Salladin Barton.  Mr. Barton died while in the custody of the Broome

County Jail in January of 2015.

   Petitioner Rose Carter, acting as the administrator of Mr. Barton's estate

("petitioner"), initially retained attorney Ronald Benjamin ("respondent") to

pursue claims against Broome County officials for Mr. Barton's wrongful

death.  But petitioner discharged respondent and hired attorney Elmer Keach

("petitioner's counsel") instead.

Respondent asserted a lien under New York Judiciary Law § 475 ("Section 475") and handed the file over to petitioner's counsel.  Thereafter, petitioner's counsel filed this federal civil rights action, which was eventually settled for $170,000.00.  Dkt. No. 128.

On February 19, 2023, petitioner's counsel filed a petition in the Broome County Surrogate's Court seeking to approve the settlement and to distribute its proceeds.  As relevant here, petitioner's counsel had been unable to resolve respondent's Section 475 lien prior to filing this petition before the Surrogate.

The Surrogate held a hearing at which petitioner's counsel and respondent appeared and were heard on the issue of the outstanding lien.  At that time, the Surrogate advised respondent that he had thirty days in which to file an appropriate petition under the Judiciary Law or the claims arising from his lien would be waived.  Respondent did not timely file an appropriate petition.

Several months later, the parties returned to the Surrogate, which again advised respondent to file the appropriate petition.  Respondent still did not do so.  According to petitioner's counsel, the defendants in the underlying civil rights action have refused to pay the amount awarded to petitioner's counsel as attorneys' fees because of respondent's dormant attorney's lien.

On May 21, 2024, petitioner's counsel returned to this Court seeking the issuance of an Order to Show Cause that would either disallow respondent's Section 475 lien entirely or, in the alternative, would set a hearing to fix the

amount of the charging lien.  Dkt. No. 130.  That request was granted, Dkt.

No. 131, and the parties have briefed the matter, Dkt. Nos. 133, 140.

Respondent's response to the Show-Cause Order fails to place in dispute

petitioner's counsel's salient representations.  This includes the fact that

respondent failed to heed the Surrogate's repeated directives that he should

take prompt action to resolve his lien by filing an appropriate fee petition.

Further, rather than respond in any kind of substantive manner to the

Show-Cause Order, respondent claims that he needs "30 days to locate the

file."  Dkt. No. 133 ¶ 17.  And rather than address or rebut any of the issues

raised by petitioner's counsel, respondent just states that he believes that he

can "address [those issues] in a memorandum of law which [he] submit[s]

need not be provided for the purposes of the instant opposition."  *Id*. ¶ 13.

Respondent's request for more time is denied.  To be sure, the underlying

civil rights action involves matters going back many years.  But the specific

issue of respondent's unresolved Section 475 lien—which implicates the scope

and manner of legal work performed by respondent for his former client—has

been the subject of *recent* proceedings before the Surrogate.

Petitioner's counsel's unrebutted filings establish that those state-court

proceedings unfolded over an extended period of time: in April 2023, August

2023, and February 2024.  Respondent participated in those proceedings.  It

is unclear how these state-court proceedings failed to prompt respondent to

locate, retrieve, and review his file.  Now, many more months later, and even after being served with this Court's Show-Cause Order, respondent claims that he cannot respond in any substantive manner because he *still* has not secured the file from his "archives."  Dkt. No. 133 ¶ 12.

Upon review, respondent's Section 475 lien will be disallowed.  Under this exceedingly unusual set of circumstances, the Court agrees with petitioner's counsel that respondent has "waived his lien by inaction."  Dkt. No. 141 ¶ 10. Accordingly, respondent's lien will be disallowed.

Therefore, it is

ORDERED that

Respondent Ronald R. Benjamin's Section 475 lien is considered WAIVED and is therefore DISALLOWED entirely.

The Clerk of the Court is directed to terminate the pending motion.

IT IS SO ORDERED.

Dated:  July 31, 2024
        Utica, New York.

David N. Hurd
U.S. District Judge